IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

REBECCA SPENCE,

               Plaintiff,

     v.

HONORABLE RAY LAHOOD, et al.,

            Defendants.

HONORABLE JEROME B. SIMANDLE

Civil No. 11-3972 (JBS/AMD)

**OPINION**

APPEARANCES:

Hyder A. Naqvi, Esq.
AHMED NAQVI RODRIGUEZ LLP
22 Cortland Street, 16th Floor
New York, NY 10007
    Attorney for Plaintiff

Paul J. Fishman
United States Attorney
    By: Irene E. Dowdy
    Assistant United States Attorney
OFFICE OF THE UNITED STATES ATTORNEY
401 Market Street, 4th Floor
P.O. Box 2098
Camden, NJ 08101
    Attorneys for Defendants

**SIMANDLE**, Chief Judge:

## I.   INTRODUCTION

This matter involving alleged employment discrimination comes before the Court on Defendants' motion to dismiss for lack of personal jurisdiction and insufficient service of process. [Docket Item 7.] Both parties agree that proper service was not made against the United States, as required by Federal Rule of Civil Procedure 4(i)(1), within the 120 day restriction on service set by Federal Rule of Civil Procedure 4(m). The principal issue to be determined is whether

Plaintiff is entitled to an extension of the time for an appropriate period to complete service through either a showing of good cause for the failure to provide timely service or through the discretionary exercise of the Court. As explained below, the Court (1) finds that the failure to effect service lacked good cause but (2) decides to discretionarily extend the time period for service, conditioned upon Plaintiff serving Defendant with all required early disclosures under Rule 26(a)(1), Fed. R. Civ. P., within 14 days.

## II.  BACKGROUND

### A. Facts

Plaintiff, Rebecca Spence a/k/a Khadijah Spence ("Plaintiff" or "Ms. Spence"), filed this lawsuit against the Honorable Ray LaHood, Secretary of Transportation; the United States Department of Transportation ("DOT"); and the Federal Aviation Administration ("FAA") based on Defendants' termination of Ms. Spence's employment at the FAA's William J. Hughes Tech Center (collectively, "Defendants"). Ms. Spence alleges that the termination of her employment as a Management and Program Analyst resulted from religious, racial, and national origin discrimination on the part of the FAA. She further alleges that she was terminated in retaliation for her actions investigating, disclosing, and opposing said discrimination. (Compl. ¶1.)  These actions, Plaintiff alleges, constitute violations of the Civil Rights Act of 1866, 42 U.S.C. §

1981; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; and the New Jersey Law Against Discrimination ("NJLAD") for which Plaintiff seeks declaratory and injunctive relief and damages.  (Compl. ¶1.)

## B. Procedural History

Because an issue in this case is when certain United States agencies were served and whether good cause exists for delays in service, the Court will briefly discuss the timeline of Plaintiff's suit.[1]

The DOT Office of Civil Rights issued Plaintiff's "Notice of the Right to Sue" on April 9, 2011, valid for 90 days thereafter. (Rodriguez Cert. ¶6.)  On June 27, 2011, Ms. Spence retained the recently formed legal practice of Ahmed Naqvi Rodriguez LLP as counsel.  (Id. ¶¶4-5.)  On July 5, 2011, three days before Plaintiff's right to sue expired, she filed her Complaint with the Court.  (Id. ¶8.)  On issuance of the summons and Complaint, Plaintiff had a 120-day window in which to effect service.  Fed. R. Civ. P. 4(m).  Plaintiff's counsel retained a process server to provide service on all Defendants.[2]  (Rodriguez Cert. ¶11.)  This action, Plaintiff's

---

[1] The facts concerning the actions of Plaintiff's Counsel are found in Plaintiff's January 23, 2011, Certification to the Court. Defendants' proof of improper service is found in the Defendants' December 23, 2011, Declaration of Counsel.  Unless otherwise noted, all facts are uncontested.
[2] Due to the geographical disparity of the parties to this case, Plaintiff's counsel explained that they could not rely on established vendors and had geographical disparity to further service this case, to Plaintiff's counsel explained that they could not rely on established

counsel admits, is the first filed by their firm in the District of New Jersey and the first to involve the United States as an interested party. (Id. ¶10.)

On December 15, 2011, following the Court's issuance of a Notice of Call for Dismissal, Plaintiff filed affidavits declaring that service upon an authorized agent of the Honorable Ray LaHood, the DOT, and the FAA had been timely completed on October 25, 2011. [Docket Items 5 & 6.] Plaintiff's process server, however, failed to return an affidavit of service for filing on the Court's docket, as required by Federal Rule of Civil Procedure 5(d). On December 23, 2011, Defendants filed the present motion to dismiss, supported by a Declaration of Counsel that neither the United States Attorney's Office for the District of New Jersey nor the United States Attorney General had been served with the summons or Complaint of this action. [Docket Item 7, Attachment 2.] On December 28, 2011, Plaintiff reportedly learned from their designated process server that service had not been delivered on the United States Attorney for the District of New Jersey or the United States Attorney General. (Rodriguez Cert. ¶¶ 13-14.) Plaintiff immediately attempted to cure the oversight by mailing the summons and Complaint to the un-served offices by certified mail. (Id. ¶14.) Defendants dispute this claim, highlighting that Plaintiff's submission of the two December 15 Affidavits of Process indicates Plaintiff's belief that service was

_____

vendors and had to rely on a new and untested service provider to effect service. (Rodriguez Cert. ¶ 11.)

complete.[3]  Defendants therefore argue that the Court can infer that Plaintiff had no intention to serve the additional offices prior to Defendants' motion to dismiss.  (Defs.' Letter Reply Supp. Mot. Dismiss ¶5.)  The United States Attorney's Office received the summons and Complaint on January 4, 2012, and the United States Attorney General received the summons and Complaint on January 10, 2012.  [Docket Item 9, Ex. B.]

III. **ANALYSIS**

**A. Jurisdiction**

The Court has jurisdiction over this claim pursuant to its 28 U.S.C. § 1331 federal question jurisdiction and its 28 U.S.C. § 1343(a)(4) civil rights jurisdiction.  The Court has supplemental jurisdiction over the claims brought under the New Jersey Law Against Discrimination pursuant to 28 U.S.C. § 1367.

**B. Standard of Review**

In considering a motion to dismiss for insufficiency of service of process (and thus the motion to dismiss for lack of personal jurisdiction), the Court must accept as true all well-pleaded

---

[3] Defendants note that Plaintiff's response to the Notice of Call for Dismissal included no indication that Plaintiff felt service was as yet incomplete or that further proofs of service were required. Defendants further note that in her response, Plaintiff warned that "[a]s responsive pleadings have not yet been filed and the time for same has expired . . . [we] will shortly be making an application to the Court for a judgment on [sic] default . . ." [Docket Item 4, ¶5.]

allegations of the Complaint.[4]  The Court is also permitted, however, to refer to the record as necessary to determine the alleged insufficiency of service.  See Thompson v. Kerr, 555 F.Supp. 1090, 1093 (S.D. Ohio 1982); see also 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (1969).  When a motion to dismiss for insufficient service of process is made, the serving party bears the burden of proving that proper service was effected.  See Grand Entm'nt Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993); Jumpp v. Jerkins, Civil No. 08-6268, 2010 WL 715678, at *6 (D.N.J. Mar. 1, 2010); see also 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1083 (3d ed.).

## C. Service of Process Requirements

Federal Rule of Civil Procedure 4 governs service of process. Service against an agency or officer of the United States is specifically governed by Rule 4(i)(2), which dictates that:

> [t]o serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i)(2).  To effect service upon the United States, a party must:

(A)(i)deliver a copy of the summons and of the complaint

---

[4] "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied."  Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987).  Thus, an infirmity of service prevents the establishment of personal jurisdiction.

> to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered and certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1). Under Rule 4, if a defendant is not served within 120 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. Thus, Rule 4 constitutes a two prong test (1) requiring the court to extend the time for service if good cause is shown and separately (2) allowing the court the discretion to dismiss or extend the time for service absent a showing of good cause. See Petrucelli v. Bohringer, 46 F.3d 1298, 1305 (3d Cir. 1995); see also McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998). These processes are distinct inquiries, and a court cannot find an exercise of discretion unwarranted per se based upon the outcome of its good cause analysis. See Jumpp, Civil No. 08-6268, 2010 WL 715678, at *6 (citing Boley v. Kaymark, 123 F.3d 756, 758-60 (3d Cir. 1997)).

### D. Analysis

Neither party contests that service to the Honorable Ray LaHood, the FAA, and the DOT occurred on October 25, 2011, within the 120 day time limit.  It is further uncontested that service to the United States Attorney for the District of New Jersey and the United States Attorney General did not occur until January 4, 2012, and January 10, 2012, respectively, well after the 120 days provided for service had elapsed.

The sole issue before the Court is whether, by a finding of good cause or by discretionary exercise, the period for service should be extended to remedy the Plaintiff's insufficient service as to the Attorney General and the United States Attorney's Office, nunc pro tunc.

### 1. Good Cause

The first question is whether Plaintiff's delay in effecting service occurred for good cause, in which case the Court would be required to extend the time for service for an appropriate period. The Court finds that Plaintiff's delays in service were not for good cause.

To determine good cause, "the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995).  To show good cause, a plaintiff must be able to show "'[1] good faith on the part of the party seeking an enlargement and [2]

8

some reasonable basis for noncompliance within the time specified in the rules.'" Id. (quoting Petrucelli, 46 F.3d at 1312 (Becker, J., concurring in part and dissenting in part)). In seeking to establish good cause, courts may also consider (1) the reasonableness of plaintiff's efforts to serve, (2) the prejudicial impact that lack of timely service has had on the defendant, and (3) whether the plaintiff moved for an enlargement of the time to serve. See MCI Telecomms. Corp., 71 F.3d at 1097. If the Court does not find good cause, it may either dismiss the claim without prejudice or grant a discretionary extension of the time for service.

a. Good Faith

Plaintiff accomplished timely service as to the three named federal defendants, but not as to the Attorney General or United States Attorney. Plaintiff's counsel admitted that this suit was both their first appearance in the Federal District of New Jersey and their first involving the United States government as a party. (Rodriguez Cert. ¶10.) Plaintiff's counsel further admitted that they could not use one of their regular process servers in this matter and had to utilize a process server with whom they had no prior dealings. (Id. ¶11.) Yet Plaintiff neglected to ensure that the untested process server provided timely service and failed to ensure that record of service was supplied to this Court in a timely manner.[5] The use of a private

---

[5] Plaintiff's Affidavits of service on the Honorable Ray LaHood, the FAA, and DOT were not provided to the Court until nearly two months after service was effected and then only because the Court issued

process server was altogether unnecessary, as all service could have
been effected via registered or certified mail.  Fed. R. Civ. P. 4(i).
Plaintiff neglected to pursue the simplest method of service, instead
opting to rely wholly on the promise of an untested process server.
Plaintiff's counsel seemed to be unaware, perhaps due to inexperience,
of the rudimentary need to serve the Attorney General in Washington
and the United States Attorney in New Jersey when commencing suit.
But counsel did not neglect to serve the three named defendants in
a timely manner.

        A plaintiff's request for an extension of the time for service
of process can normally be viewed as an indication of good faith and
an element of good cause, but here Plaintiff could not even make such
a request as Plaintiff was unaware service had not been effected until
a month and a half after the 120 day period had expired.  See Boley
v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997); Connolly v. Mitsui O.S.K.
Lines (America), Inc., No. 04-CV-5127, 2006 WL 2466848, at *5 (D.N.J.
Aug. 24, 2006).  Plaintiff's attorneys are advised to treat Rule 4(m)
"with the respect reserved for a time bomb."  Braxton v. United States,
817 F.2d 238, 241 (3d Cir. 1987) (quoting Siegel, Practice Commentary
on Amendment of Federal Rule 4 (Eff. Feb. 26, 1983) with Special
Statute of Limitations Precautions, 96 F.R.D. 88, 103 (1983)).  In
one sense, counsel acted in compliance with the need to serve the
named defendants, and took immediate steps to serve the United States

---

a Notice of Call for Dismissal.  [Docket Items 5 & 6.]

Attorney and Attorney General as soon as this Court's Notice of Call for Dismissal brought this shortcoming to counsel's attention.  At least counsel attempted to comply and move this case forward.

b. Reasonable Basis for Noncompliance

It is the responsibility of the plaintiff to ensure the summons and complaint are served within the time allowed.  Fed. R. Civ. P. 4(c)(1).  The facts before the Court present a scenario of unexplained omission on the part of the process server and a lack of oversight and diligence by counsel.  Within the Third Circuit, such inadvertence of counsel does not constitute good cause.  See Braxton v. United States, 817 F.2d 238, 241 (3d Cir. 1987) (holding that a failure to ensure that a dilatory private process server provided timely service did not constitute delay for good cause); Lovelace v. Acme Mkts., 820 F.2d 81 (3d Cir. 1987) (following the rule of Braxton); cf. Consol. Freightways Corp. of Del. v. Larson, 827 F.2d 916, 920 (3d Cir. 1987) (contrasting a simple clerical error made in good faith with Braxton's conscious failure to ensure service had been rendered by a dilatory service provider).  To allow the inadvertence of attorneys to constitute good cause would be inconsistent with the Court's obligation to ensure that the "well-considered requirements" of Rule 4(m) not be "disregarded with impunity."  Braxton, 817 F.2d at 241.

Plaintiff's claim that the process server is responsible for the failure to effect timely service speaks to Plaintiff's counsel's

own failure to provide effective oversight.  It is Plaintiff's duty to ensure proper service, even when a process server is used. Plaintiff made no showing of a sufficient effort to provide service before the deadline.  Plaintiff further failed to show any compelling justifications for why service could not be made.  As such, Plaintiff's delay in providing service was not for good cause.

    2. Discretionary Exercise

Having found that good cause for the delay in service does not exist, the Court must now consider whether to exercise its discretion to extend the time for service.

When considering whether to exercise its discretion and extend the time for service, a court may consider in addition to any other relevant factors (1) whether the defendant had actual notice of the legal action; (2) whether an extension of the time for service would prejudice the defendant; (3) whether the statute of limitations on the underlying cause of action would expire without an extension; (4) whether the defendant's conduct impeded service; and (5) whether the plaintiff is represented by counsel.  Chiang v. U.S. Small Bus. Admin., 331 F.Appx. 113, 116 (3d Cir. 2009).  The plaintiff bears the burden of demonstrating a sufficient reason as to justify the exercise of the court's discretion.  McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998) (affirming the District Court's denial of extension where it concluded that the plaintiff had demonstrated no basis to justify extension).

In the case at hand, the relevant considerations are whether (1) actual or sufficient notice was provided; (2) whether the statute of limitations on the underlying cause of action would expire without an extension; and (3) whether the extension of the time for service would prejudice the defendant.  In light of the circumstances of this case, the Court finds that a discretionary extension of the time for service is appropriate.

a. Actual or Sufficient Notice

Plaintiff contends that Defendants had actual notice of the legal action being brought against them and therefore that a discretionary extension would be proper.  (Pl.'s Mem. Opp'n Defs.' Mot. Dismiss, 11.)  In support, Plaintiff points to Defendants' filing of a motion to dismiss for lack of timely service.  (Pl.'s Mem. Opp'n Defs.' Mot. Dismiss, 11.)  Indeed, actual notice to a defendant that an action was filed militates against a finding of prejudice caused by untimely service.  See, e.g., Boley v. Kaymark, 123 F.3d 756, 759 (3d Cir. 1997); Dominic v. Hess Oil V.I. Corp., 841 F.2d 513, 517 (3d Cir. 1988).  However, for actual notice to weigh against a finding of prejudice, the notice must be given during the period for timely service.[6]  Receipt of actual notice after the period for timely service has closed is no less prejudicial to the defendant than

_____

[6] Actual notice ensures that, despite failure to effect timely service, defendant is nonetheless aware of the case against it.  See Boley, 123 F.3d at 759.  Establishment of actual notice after the time for service has expired is meaningless, since it would not in any way reduce the prejudicial impact of the failure to effect service.

untimely service itself.  According to Defendants, the United States Attorney for the District of New Jersey did not receive actual notice of this suit until November 30, 2011, about 33 days after the period for timely service had lapsed.  [Docket Item 7 Attachment 2.]  The Defendants, however, had actual notice when they were served on October 25, 2011, and only the Justice Department's offices were not timely served.

Had Plaintiff served the United States under Rule 4(i)(1) but failed to serve the named parties under Rule 4(i)(2), the Court would have been required to grant reasonable time to cure the failure.  Fed. R. Civ. P. 4(i)(4)(A).  Plaintiff requests a discretionary extension on the grounds that the inverse — serving agencies and officers of the United States but not the United States itself — should also be sufficient.  However, where the drafters of the Federal Rules of Civil Procedure did not see fit to create such an exception, the courts have not seen fit to do so.  See, e.g., Parham v. Lamar, 1 F.Supp.2d 1457, 1459 (M.D. Fla. 1998) (holding that it would be inappropriate to permit a plaintiff to serve the United States Attorney General or the United States Attorney when only the individually named defendants had been served within the 120 day period for service); Flores v. Secretary of Navy, 159 F.R.D. 472, 473 (S.D. Tex. 1994) (declaring that if neither the United States Attorney General nor the United States Attorney are served, the provision allowing reasonable time to cure defect in service does not apply).  On the

14

other hand, while the federal defendants are sued in their official capacities, the United States itself is not a named party. Moreover, both the United States Attorney's Office and the Attorney General were served months ago, in early January, 2012.

b. Statute of Limitations

Discretionary extensions of time for service may also be granted when the plaintiff's claim would otherwise become time-barred by the expiration of the relevant statute of limitations. Petrucelli v. Bohringer, 46 F.3d 1298, 1305 (3d Cir. 1995). In such a circumstance dismissal without prejudice would have the same sting as a dismissal with prejudice. See, e.g., Jumpp v. Jerkins, Civil No. 08-6268, 2010 WL 715678, at *11 (D.N.J. Mar. 1, 2010). As Defendants point out, the expiration of a statute of limitations does not require the Court to extend the time for service, as "the district court may in its discretion still dismiss the case, even after considering that the statute of limitations has run and the refilling of the action is barred." Petrucelli, 46 F.3d at 1306. Furthermore, the Third Circuit has held that "'[h]alf-hearted' efforts by counsel to effect service . . . do not necessarily excuse a delay, even when dismissal results in the plaintiff's case being time-barred due to the fact that the statute of limitations on the plaintiff's cause of action has run." Lovelace, 820 F.2d at 84.

Defendants note in their Letter Reply in Support of their Motion to Dismiss that under prior precedents the Court would be justified

15

in "view[ing] that [statute of limitations] factor in a less favorable light to plaintiff than might otherwise be the case" given that Plaintiff filed its action near the end of the statute of limitations period. (Defs.' Letter Reply Supp. Mot. Dismiss 5-6.) See McCurdy, 157 F.3d at 196. Plaintiff's "Notice of Right to Sue," however, was valid for only 90 days. Even if Plaintiff had filed her suit the moment she received her notice she would have been outside her statute of limitations at this juncture. The Court therefore declines to consider this factor in its analysis. Thus, the Court considers the fact that Plaintiff's claim would be time-barred absent the Court's exercise of discretion as weighing on the side of granting the extension of time.

c. Prejudice

Despite Plaintiff's procedural failings, Defendants show no prejudice to support dismissal. Defendants fail to make any allegations of prejudice created by Plaintiff's actions. Plaintiff's errors, though significant, only delayed initiation of the case by two months. Defendants have indicated no ways in which these two months have impaired its ability to defend on the merits. The fact that Defendants would have to defend against a lawsuit that would otherwise be dismissed and time-barred by a statute of limitations is not sufficient by itself to establish prejudice. "[P]rejudice 'involves impairment of defendant's ability to defend on the merits, rather than foregoing such a procedural or technical

16

advantage.'" <u>Boley v. Kaymark</u>, 123 F.3d 756, 759 (3d Cir. 1997)
(quoting <u>Nat'l Union Fire Ins. Co. v. Barney Assoc.</u>, 130 F.R.D. 291,
294 (S.D.N.Y. 1990)).

       d. Summation

The indifference to the rules of procedure shown by Plaintiff
weighs against discretionary exercise.  However, as the Court has
previously stated, the expiration of Plaintiff's notice to sue weighs
in favor of the Court extending the time for service.  Additionally,
Defendants have made no claim of prejudice, and without such a showing
the Court can find no compelling reason against granting an extension.

Rules must be enforced to ensure compliance.  However, the
Federal Rules of Civil Procedure do not anticipate rigid enforcement.
Rule 4(m) specifically allows the Court to extend the time for service
at its discretion when good cause does not exist.  In such exercise
of discretion, it is important to balance adherence to procedure with
the importance of equitable outcomes.  The Federal Rules of Civil
Procedure are to be applied in such a way as to promote justice.  <u>See</u>
Fed. R. Civ. P. 1.  Yet the rules also must be applied in such a way
as to promote speedy and efficient determinations of an outcome.  <u>Id.</u>
Justice requires cases reach the Courts in a timely manner so that
the defendant is not forced to defend against stale claims, yet justice
also requires that Courts strive to resolve cases on their merits
whenever possible.  Allowing this case to proceed would not create
so large or unfair a burden on Defendants as to justify denying

Plaintiff the chance for her case to proceed at this stage.

This decision should not by taken as endorsement of the actions of Plaintiff's counsel, who have displayed substantial indifference to, or ignorance of, their obligations.  Absent a showing of prejudice, though, the Court can see no compelling reasons not to exercise its discretion and to thus deny Plaintiff her day in court.  In the absence of compelling arguments in favor of either side, the Court must return to its default preference, which is ensuring access to justice.[7]  The preference of this Court must always favor allowing cases to reach their merits if possible, and absent compelling reasons it now chooses to exercise its discretion and extend the period for service.

Although the case is not being dismissed for untimely service, the Plaintiff's counsel's indifference and delay will not be without consequence.  The discretion of the Court to impose conditions upon the vacating of default is well established.  See Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 657 (3d Cir. 1982) (recognizing that prejudice suffered by a non-defaulting party can be rectified through the imposition of terms and conditions); Wokan v. Alladin Int'l, Inc., 485 F.2d 1232 (3d Cir. 1973).  In an effort to accelerate the case

---

[7] In Surowitz v. Hilton Hotels Corp., 383 U.S. 363, 373 (1966), Justice Black wrote "The basic purpose of the Federal Rules is to administer justice through fair trials, not through summary dismissals as necessary as they may be on occasion . . . If rules of procedure work as they should in an honest and fair judicial system, they not only permit, but should as nearly as possible guarantee that bona fide complaints be carried to an adjudication on their merits."

and cure the prejudice of delay and needless motion practice Plaintiff has caused, the Court will accelerate Plaintiff's early disclosure obligations.  Normally, under Rule 26(a)(1), Fed. R. Civ. P., the parties would wait to exchange their early disclosure materials until after the pleadings have closed.  In this instance, however, Plaintiff will be required to make all her early disclosures at this time in an effort to explain her case on the evidence on which it rests.

Accordingly, and as a condition of granting Plaintiff relief from the consequences of her failure to make timely service, and in an effort to achieve Rule 1's promise of the speedy and efficient resolution of civil cases, Plaintiff shall serve Defendant's counsel with all records, documents, and information required in Rule 26(a)(1), within fourteen (14) days hereof.  Defendant's reciprocal obligation may await the normal timing.

**IV. CONCLUSION**

For the reasons expressed in this Opinion, the Court denies Defendants' motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(2) for lack of personal jurisdiction, Rule 12(b)(5) for insufficient service of process, and Rule 4(m) for exceeding the time limit for service.  As a condition for relieving Plaintiff from the consequences of her untimely service of process, the Court will require Plaintiff to serve all required early disclosure records, documents, and information under Federal Rule of Civil Procedure

19

26(a)(1) within 14 days of the entry of the accompanying order. The Court further grants Defendants' request for a 60-day period from the entry of the attached Order to prepare responsive pleadings or motions, so as to afford Defendants the full period provided under Fed. R. Civ. P. 12(a)(2).  The accompanying Order will be entered.


__June 8, 2012_____                    ___s/  Jerome B. Simandle___
Date                                    JEROME B. SIMANDLE
                                        Chief U.S. District Judge